IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-80615-TJM |
| | ) | |
| ROBIN MITCHELL SAMSON and | ) | CH. 7 |
| DANETTE RENEE SAMSON, | ) | |
| | ) | |
| Debtors. | ) | |

### **ORDER**

Hearing was held in Omaha, Nebraska, on July 14, 2008, on the Motion to Dismiss Case for Abuse Pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3) filed by the U.S. Trustee (Fil. #14), and a Resistance filed by Debtors (Fil. #17). Charles Garman appeared for Debtors, and Jerry L. Jensen appeared on behalf of the U.S. Trustee.

For the reasons discussed below, this Court finds that this case should be dismissed or converted to a case under Chapter 13.

*Background*

On March 11, 2008, Debtors filed a voluntary Chapter 7 petition. On May 16, 2008, the U.S. Trustee filed a motion to dismiss the case under 11 U.S.C. §§ 707(b)(2) and 707(b)(3). The U.S. Trustee contends that Debtors' 401(k) loan payments totaling $603.33 per month, listed on Line 42 of Form B22A, do not qualify as secured debt obligations and, therefore, Debtors are not statutorily entitled to this deduction under § 707(b)(2)(A).

Debtors filed Form B22A as part of their petition and schedules in this case. Debtors calculate their monthly disposable income under § 707(b)(2) to be $127.07, which would result in 60-month disposable income of $7,624.20. As this amount would not allow Debtors to pay at least 25% of their total non-priority unsecured debt, Debtors claim that the presumption of abuse does not arise. The U.S. Trustee, on the other hand, calculates Debtors' disposable income under § 707(b)(2) to be $701.24, which would result in 60-month disposable income of $42,074.40. According to the U.S. Trustee's calculations, the presumption of abuse does arise. Therefore, the issue in this case is narrowed to whether Debtors should be entitled to deduct, for means test purposes, their monthly 401(k) loan payments. If Debtors are allowed to deduct such loan payments, the presumption of abuse under § 707(b) does not arise. If Debtors are not allowed to deduct the 401(k) loan payments, the presumption of abuse does arise.

*Discussion*

Form B22A was created to implement the complicated means test calculations of 11 U.S.C. § 707(b). In conducting the means test, the form and the statute require a calculation of a debtor's current monthly income and allow the debtor to deduct for means test purposes expense categories determined by National Standards and Local Standards issued by the Internal Revenue Service. 11

U.S.C. § 707(b)(2)(A)(ii)(I). If, as a result of application of the means test, a presumption of abuse arises, it is possible for a debtor to rebut that presumption. 11 U.S.C. § 707(b)(2)(B)(I) provides:

> In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that [sic] justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

In the event a debtor believes that special circumstances apply, the debtor is required to itemize each additional expense or adjustment of income and provide, among other things, a detailed explanation of the special circumstances that may make such expenses or adjustment to income necessary and reasonable. 11 U.S.C. § 707(b)(2)(B)(ii)(II).

As indicated, the Bankruptcy Code specifically delineates two special circumstances: (1) a serious medical condition; or (2) active duty in the Armed Forces. Certainly, those two items are not an exhaustive list, but are examples of what Congress intended to constitute special circumstances. Thus, rebutting the presumption of abuse requires circumstances that are truly special. As one court stated: "Although this presumption may be rebutted, § 707(b) goes on to set this bar extremely high, placing it effectively off limits for most debtors." *In re Haar*, 360 B.R. 759 (Bankr. N.D. Ohio Feb. 20, 2007). *See also In re Ferando*, Case No. BK06-81855 (Bankr. D. Neb. Mar. 1, 2007) (finding that unusually high commissions earned during the six-month period pre-bankruptcy do not constitute special circumstances); *In re Hanks*, 362 B.R. 494 (Bankr. D. Utah Jan. 9, 2007) (finding a job loss and lower income at new employment do not constitute special circumstances); *In re Sparks*, 360 B.R. 224 (Bankr. E.D. Tex. Oct. 18, 2006) (comparing special circumstances to an "unanticipated development").

Debtors listed their 401(k) loan payments on Line 42 of the means test form, which is where secured debt payment deductions are listed. However, 401(k) loan payments are not secured debts. *See In re Herbert*, Case No. BK07-40224 (Bankr. D. Neb. May 21, 2007) (stating "[t]hus, the payments on the 401(k) loans also cannot be deducted on Line 42 as payments on secured debt.").

Debtors rely upon *In re Herbert* for the proposition that 401(k) loan payments can be deducted as "special circumstance" to rebut the presumption of abuse. However, Debtors have misinterpreted this Court's ruling in *Herbert*. *Herbert* narrowly stands for the proposition that the mandatory nature of the repayment of the 401(k) loan is "a factor to be considered as a 'special circumstance' to rebut the presumption of abuse." In *Herbert*, the debtors presented evidence as to the use of the 401(k) loan funds and the evidence further indicated that the debtors had no reasonable alternative to repayment of the loans. In any event, this Court found that the *Herbert* 401(k) loans would be paid in full in slightly over one year after plan confirmation, which would free up substantial disposable income and would result in a meaningful return to unsecured creditors despite allowing a deduction for the 401(k) loan repayment.

In the present case, Debtors have failed to present any evidence as to the current principal amount of the 401(k) loans, the number of years left for repayment of the loans, and whether Debtors have any options with respect to restructuring the loans. Debtors also failed to present any evidence as to how the loan funds were used, other than to state that the loans were used to "pay some bills." Finally, Debtors assert that the failure to repay the loan would result in a major tax liability, but have not identified what that liability may be or whether such liability would arise under a Chapter 13 plan.

Debtors assert that they would be entitled to deduct the full amount of the 401(k) loan payments in a Chapter 13 proceeding and, therefore, it would be meaningless to require them to convert to a Chapter 13. Even if Debtors are correct that the full amount of the 401(k) would be deductible for means test purposes in a Chapter 13, a conversion to Chapter 13 would not be meaningless. Even under Debtors' calculations, they have monthly disposable income of $127.07 per month. Further, Mrs. Samson started a new job shortly prior to bankruptcy filing, so her actual income exceeds the figures used for calculation of her current monthly income for means test purposes, which is a factor likely to be considered in confirmation of a Chapter 13 plan. Accordingly, conversion to a Chapter 13 would not be meaningless to unsecured creditors.

IT IS, THEREFORE, ORDERED that the U.S. Trustee's Motion to Dismiss (Fil. #14) is granted. Debtors shall have until August 15, 2008, to file a motion to convert this case to a proceeding under Chapter 13. If a motion to convert the case is not filed by that date, this case will be dismissed upon the filing of an affidavit by the U.S. Trustee.

DATED: July 28, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Charles Garman
    *Jerry L. Jensen/U.S. Trustee
    Thomas D. Stalnaker

Movant (*) is responsible for giving notice to other parties if required by rule or statute.